UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANE SILAGI, et al.,

              Plaintiffs,

      v.

NETFLIX,

              Defendant.

Case No. 25-cv-02942-WHO

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. Nos. 8, 31, 33, 38

*Pro se* plaintiff Shane Silagi ("Silagi") brings this copyright infringement dispute against defendant Netflix, Inc. ("Netflix"), alleging that Netflix infringed on copyrighted material from his book, *Tales of the Dales: Saints and Saviors*. Netflix now moves to dismiss his complaint as improperly pleaded under Federal Rule of Civil Procedure 8. Because Silagi has not yet registered his work with the U.S. Copyright Office, a condition precedent to bringing a federal copyright infringement claim, I agree that dismissal is warranted. Accordingly, Netflix's motion is GRANTED, and I dismiss this case WITHOUT PREJUDICE.

**BACKGROUND**

Silagi originally brought this lawsuit on February 12, 2025, in the United States District Court for the Northern District of Texas. *See* Complaint ("Compl.") [Dkt. No. 1]. The case was then transferred to this Court pursuant to 28 U.S.C. § 1406(a). Dkt. Nos. 13, 16. On February 25, 2025, Silagi filed an amended complaint. Amended Complaint ("AC") [Dkt. No. 3] at 1. The AC read in its entirety: "Netflix infringed on my copyrighted material when they promoted and distributed their series 'Twilight of the Gods.' As a result I, myself, my company and my family have suffered great losses and irreparable damages."

Because the AC lacked any real allegations, I adopted a Report and Recommendation from

United States District Court
Northern District of California

Magistrate Judge Kandis A. Westmore dismissing the AC for failure to state a claim. *See* Order Adopting Report and Recommendation [Dkt. No. 25] at 1. I then granted leave to amend so Silagi could submit a new complaint with more details about the alleged infringement. *Id.* at 2. Rather than filing an amended complaint, Silagi submitted a letter on May 19, 2025. *See* Objecting *In Forma Pauperis* Application and Recommendation to Dismiss Plaintiffs' Complaint [Dkt. No. 26]. On the question of copyright infringement, the letter stated:

> Here the Plaintiff alleges that the copyright infringement of his protected copyright material 'Tales of the Dales: Saints and Saviors' was violated by Netflix when they produced and distributed their series 'Twilight of the Gods.' He alleges that they stole the "total concept and feel" of the genre he was promoting as early as 2020 and that the result caused "great losses and irrep[a]rable damages" to his personal growth, mental health, promotions and overall business development (*Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106 9th Cir.)

*Id.* I ultimately deemed this letter, combined with the original complaint, the Operative Complaint in the case. *See* Order Regarding Service and Denial of Other Requests [Dkt. No. 27].

On February 18, 2026, Netflix moved to dismiss the Operative Complaint. *See* Motion to Dismiss ("Mot.") [Dkt. No. 31]. Netflix then filed a notice on March 10, 2026, indicating that Silagi failed to publicly file an opposition with the Court, despite sending a physical copy to Netflix.[1] *See* First Reply Memorandum in Support of Defendant's Motion to Dismiss [Dkt. No. 31]. Netflix attached Silagi's opposition to their reply. *See* Declaration of Pamela Burchette in Support of Request for Judicial Notice in Support of Motion to Dismiss ("Burchette Decl.") [Dkt. No. 31-3] Ex. 6 Silagi Opposition ("Oppo."). On March 25, 2026, Netflix submitted its reply. *See* Second Reply Memorandum in Support of Netflix's Motion to Dismiss [Dkt. No. 38].

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

---

[1] For purposes of deciding this motion, I shall deem Silagi's response served and will take judicial notice of the opposition as submitted by counsel for Netflix.

United States District Court
Northern District of California

facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Should a court dismiss the plaintiff's complaint, it "should grant leave to amend even if not request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

### DISCUSSION

Section 411 of the Copyright Act of 1976 states, in relevant part: "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Although the registration requirement is not jurisdictional, it nonetheless "imposes a precondition to filing a claim." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010).[2]

---

[2] While *Reed Elsevier* "decline[d] to address whether § 411(a)'s registration requirement is a mandatory precondition to suit," the Court noted that "district courts may or should enforce [the requirement] *sua sponte* by dismissing copyright infringement claims involving unregistered works." 559 U.S. at 171.

United States District Court
Northern District of California

Registration "has been made" within the meaning of Section 411(a) "not when an application for registration is filed, but when the Register [of the Copyright Office] has registered a copyright after examining a properly filed application." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309 (2019). Therefore, "if a work is not validly registered, an 'infringement action is foreclosed.'" *Gholami v. OpenAI, Inc.*, No. 26-cv-00174-CRB, 2026 WL 61359, at *2 (N.D. Cal. Jan. 8, 2026) (Breyer, J.) (quoting *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998)).

Silagi's complaint does not indicate that he registered *Tales of the Dales: Saints and Saviors* with the Copyright Office. Nor did Netflix find proof of registration when searching the U.S. Copyright Office's database for *Tales of the Dales*. *See* Burchette Decl. ¶¶ 3–7; *id.* Exs. A–C (showing searches for Silagi's name and book title in the database yielded no results).[3] Because there is no allegation or evidence that the supposedly infringed material was registered, Silagi cannot proceed forward with his claim.

Silagi acknowledges in his opposition that "it is possible that [*Tales of the Dales*] was registered improperly or not registered at all." Oppo. at 5. Nonetheless, he asserts that copyright registration is "still valid if the applicant lacked actual knowledge or factual or legal inaccuracies, even if the application contained errors." *Id.* (citing *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 182 (2022); *Reed Elsevier*, 559 U.S. at 166; *Kodakek*, 152 F.3d at 1211; *Stravrinides v. Vin Di Bona*, No. 2:18-cv-00314-CAS(JPRx), 2018 WL 1311440, at *3 (C.D. Cal. Mar. 12, 2018)). He claims that he ultimately "lacked actual knowledge" of the apparent failure to register because his "publisher was the acting agent." *Id.*

The caselaw cited by Silagi does not support his argument. *Unicolors*, for example,

_____

[3] Netflix's request for judicial notice of its screen captures of the U.S. Copyright Office database is GRANTED. "Under [Federal Rule of Evidence] 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by government agencies." *United States ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381–82 (C.D. Cal. 2014) (internal quotations omitted). Courts routinely take judicial notice of findings on the U.S. Copyright Office website. *See, e.g.*, *Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*, No. 14-00013 MMM (MANx), 2014 WL 12631652, at *2 (C.D. Cal. June 9, 2014) (taking judicial notice of printous from the Copyright Office; *ATPAC, Inc. v. Aptitude Sols., Inc.*, No. Civ. 2:10294 WBS KJM, 2010 WL 1779901, at *3 (E.D. Cal. Apr. 29, 2010 (same).

4

involved a different provision of the Copyright Act—Section 411(b)—and considered whether an already-filed copyright registration could be preserved based on the registrant's "lack of knowledge" of inaccuracies in the application. 595 U.S. at 182. The same issue applies to *Kodakek*, which addressed whether certain documents filed to support an application for copyright registration were sufficient under Sections 408(b)(1) and (2). 152 F.3d at 1211. And while *Reed Elsevier* does address Section 411(a), it contains no suggestion that a copyright infringement claim may proceed if an applicant lacks knowledge about whether their work was "registered improperly or not registered at all." Oppo. at 5; *see* 559 U.S. at 171 ("[D]istrict courts may or should enforce [the registration requirement] *sua sponte* by dismissing copyright infringement claims involving unregistered works."). Nor does *Stravrinides* help, as the court in that case dismissed a complaint for failure to state a copyright infringement claim after plaintiffs acknowledged they did not register their works with the Copyright Office. 2018 WL 1311440, at *3.

Taken together, the record and caselaw show that Silagi has not met his burden in proving that he registered *Tales of the Dales* with the Copyright Office. Without such registration, his "infringement action is foreclosed." *Gholami*, 2026 WL 61359, at *2. I therefore DISMISS this case WITHOUT PREJUDICE. Should Silagi wish to relitigate his claims, he may do so only after registering his allegedly infringed work(s) pursuant to Section 411(a) of the Copyright Act.[4]

## CONCLUSION

For the reasons described above, Netflix's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Dated: April 10, 2026

William H. Orrick
United States District Judge

---

[4] Because Silagi's complaint fails to plead registration, I decline to address Netflix's other arguments that the complaint failed to state a claim for copyright infringement. *See* Mot. at 4–6.

5